# ROBERT P. LEIGHTON
## ATTORNEY AT LAW

132 NASSAU STREET
NEW YORK, NY 10038

(212) 267-6019

July 7, 2006

**VIA ECF FILING**
**AND FIRST CLASS MAIL**

Hon. Judge Naomi R. Buchwald
US District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:    US v. Colombo et. al (Paul Siepman)
04-CR-273 (NRB)

Dear Judge Buchwald,

Enclosed please find the original copy of the Sentence Memorandum for defendant Paul Siepman and eight (8) letters written on behalf of Mr. Siepman, submitted in mitigation of sentence. These letters are attached to the Sentencing Memorandum and marked as Exhibits 1-8.

Respectfully submitted,

Robert P. Leighton (RL3624)
Attorney for Paul Siepman

cc:    AUSA Benjamin Lawsky

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
UNITED STATES OF AMERICA,                :

      - against-                              :

                                  04-CR-273(NRB)
Paul Siepman,                            :

            Defendants.         :
_____X

### SENTENCE MEMORANDUM
### FOR DEFENDANT PAUL SIEPMAN

Defendant Paul Siepman submits the following Memorandum of Law for the Court's consideration regarding the appropriate sentence to be imposed herein.

### PRELIMINARY SENTENCE

Defendant Paul Siepman stands before the Court for sentencing, as a result of his entering a plea of guilty to Count # 3, charging the defendant with participating in a conspiracy to operate an illegal gambling business and to Count # 4, charging the defendant with conducting, financing, managing, supervising, directing, or owning all of or part of an illegal gambling business. Said pleading was before Honorable Naomi Reice Buchwald, United States District Judge. The defendant was part of a more than twenty (20) count Indictment and one (1) of nineteen (19) defendants. Paul Siepman was charged in only Counts 3 & 4 of the Indictment.

### FACTS

On March 24, 2004 a twenty-seven (27) count Indictment was filed in the Southern District of New York, charging nineteen (19) defendants with racketeering, extortion, mail fraud, and gambling. Mr. Siepman was named in only two (2) counts. Count 3, charged Mr. Siepman with a gambling conspiracy from 1999 to 2002. Count 4, charged Mr. Siepman with the

operation of a gambling business for the same years of 1999 to 2002. Mr. Siepman was arrested on March 30, 2004 and was released on Bond.

On March 14, 2006, Mr. Siepman entered a plea of guilty to both <u>Counts 3 & 4</u>, before the Honorable Naomi Reice Buchwald, United States District Judge.

**ARGUMENT**

"<u>The defendant, Paul Siepman should not be sentenced to a term of imprisonment</u>."

The computation in the Probation Report for Mr. Siepman, based on his plea of guilty to Counts 3 & 4 of the Indictment, places him at a base offense level of 12. Mr. Siepman would be entitled to a 2 point level reduction based on his acceptance of responsibility. Therefore the applicable guideline offense level is 10.

The Probation Report indicates that Mr. Siepman's sentencing range at a base offense level of 10 and a Criminal History Category of I is imprisonment from 6 to 12 months. Because this sentence range falls within Zone B of the sentencing table the Court may impose a sentence of probation if it includes a condition or combination of conditions that substitute intermittent confinement, community confinement <u>or</u> home detention.

Based on all the facts, if the Court finds that a sentence outside and below the Guideline range is warranted, the Court may impose a sentence of probation. Since the Supreme Court of the United States decision in US v. Booker (125 S.Ct. 738) 2005 and the case of US v. Crosby (397 F.3rd 103- 2nd Cir 2005), the U.S. Courts were not bound by the sentencing guidelines in that the guidelines were now described by the Courts as <u>advisory</u> as opposed to being <u>mandatory</u>. The Crosby case further indicated that the sentencing Courts must consider all of the "factors" listed in TITLE 18 Section 3553(a) of the US Code, along with the 'advisory" guidelines in order

2

to determine a reasonable sentence. These factors include:

> 1)    The nature and circumstances of the offense and the history and
> characteristics of the defendant.

In the instant case Mr. Siepman respectfully requests a sentence without incarceration. Prior to his arrest in the instant case, the Pre-Sentence Report indicates that defendant had a conviction for driving impaired in August of 1990. The Pre-Sentence report further details Mr. Siepman's family life in a very positive way. Mr. Siepman was and is a responsible parent of three (3) children and after his divorce he cared for his children as a single parent. Mr. Siepman currently resides with one of his three (3) children whom he helps support because of a work-related accident. Mr. Siepman's other two (2) children are married and live away from home.

Mr. Siepman worked for the Orange County Department of Parks as the recreation supervisor from 1970-1986. In 1986, Mr. Siepman started to work full-time as a tax preparer in his own business which he started in 1971.

Mr. Siepman has shown to society and to this Court that he is remorseful and has taken responsibility for his actions between 1999-2002. This case has been ongoing since March of 2004 and Mr. Siepman who has been released on bail has conducted himself in an exemplary manner.

He continued to work out of his home office as a tax preparer, caring for the many clients that he has cultivated over the years. Mr. Siepman prepares over 1000 tax returns each year for his loyal clients and friends who have depended upon him for many years. We respectfully suggested to the Court that, to send Mr. Siepman to prison now, would probably certainly have a negative effect on his business and jeopardizing his financial status and the ability to maintain the mortgage on his home.

3

To support our request for a sentence without incarceration we have submitted eight (8) letters from community members who have known him for a long period of time. (See Exhibits 1-8 attached). Mr. Siepman comes from a small community and as one (1) writer indicates everyone knows each other. The writers all know Mr. Siepman for more than twenty (20) years. The writers range from a former New York State Police Officer, a village Mayor, Parks Commissioner, Psychologist, mom and her son, High School Principal, and a Social worker. They are all in agreement that Mr. Siepman has shown remorse, that he has always been an active and positive citizen in the community and that he has been charitable when able. We believe the most positive evidence of Mr. Siepman's good character is that the writers voice that they trust Mr. Siepman and that he is a good friend.

Early on in this case, Mr. Siepman indicated his remorse and contrition when he decided a plea bargain in this case. We reached out the AUSA's in charge of this case and put our plea negotiations into motion. Taking all of the above factors into consideration, it is respectfully requested, that the Court impose a sentence without a term of incarceration with "home detention" or impose a sentence outside the Guidelines's, once of straight probation, without home detention.

Respectfully Submitted,

ROBERT P. LEIGHTON, ESQ. (3624)
Attorney for Defendant Paul Siepman
132 Nassau Street, Suite 900
New York, NY 10038
(212) 267-6019

Encl.

cc:    AUSA Benjamin Lawsky
       mail and ECF

4

Exhibit "1"



**HUDSON VALLEY**

**DEVELOPMENTAL DISABILITIES SERVICES OFFICE**
ORANGE COUNTY OFFICE
18 SEWARD AVE, STE 3/7
MIDDLETOWN, N.Y. 10940
PHONE: (845) 344-6500     FAX: (845) 344-0075

THOMAS A. MAUL
COMMISSIONER

JANET M. WHEELER
DIRECTOR

---

SERVING WESTCHESTER * ORANGE * ROCKLAND * SULLIVAN COUNTIES

June 27, 2006

Honorable Naomi R Buchwald
Judge, US District Court
500 Pearl Street
New York, New York   1000

Your Honor:

I am writing on behalf of Paul Siepman.  I am a Supervising Psychologist for the State of New York and have been employed for 30 years.  I met Paul several years ago when I "won" a tax return at an auction. The auction was for the benefit of a Catholic school's playground.  I enjoy auctions and throughout my attendance have never come across the donation of a tax return so I was favorably disposed to meeting the man who had generously donated this service.

Mr. Siepman not only did a competent job, but was so friendly and pleasant that I actually enjoyed filing my taxes. I've returned to Mr. Seipman for his services for several years. During this time I have had the opportunity not only to speak with Paul at length, but also to observe his interactions with other customers and business people who stopped by or called.  I've found that he is a real gentleman. He respects people, looks them in the eye when conversing with them and tries to make them smile. I've seen him be compassionate and patient with those who are needy.  I have also heard from others in the town of his kindness and generous involvement in the community. This is why I keep coming back and why I offered to write this letter.

Paul did discuss the arrest with me shortly after it occurred.  At that time he expressed his regret for his involvement and his concern for the impact on his family.  Paul has spoken about his love for his children and grandchild from the first time we met.  He raised two children as a single dad and remains very involved in their adult lives.  He adores his grandchild and enjoys his company.  He is proud of his children. I know that Paul has resolved to never be involved in anything illegal again.  He realizes that he has placed these cherished relationships at risk.



Paul has confided in me, discussing his childhood and life relationships. We have discussed the guilty plea and the upcoming sentencing. He is anxious for people to know of his resolve. I would like to suggest that a jail sentence is not the remedy for his situation. He is a man who values and takes joy in life. He is keenly aware that he has made a mistake. I know that he would be very willing to do any community service requested. He has much to contribute to society and has learned a very difficult lesson.

Thank you for your time and consideration.

Sincerely,

*Juliette Supenski*

Juliette Supenski
Supervising Psychologist

Exhibit "2"

Honorable Naomi R. Buchwald
Judge, U.S. District Court
500 Pearl St.
New York, NY 10007
June 23,2006

Dear Honorable Naomi R. Buchwald,
I am writing on behalf of Mr. Paul Siepman whom I have known for approximately 10
years, as his friend and client for annual tax preparation. I am a licensed clinical Social
Worker for both the Orange County Department of Health and Mental Health for 10
years and am aware of Mr. Siepman's current situation. I have spoken with Paul as a
friend, regarding his current guilty plea and forthcoming sentencing on gambling charges
and have empathized with his emotional anxiety and uncertainty as the sentencing
approaches. I hope that you will execute a lenient sentence on Mr. Siepman as he is a
wonderful, caring individual who prioritizes his family, friends and community over all
else. He realizes he has faults and has made transgressions, which he intends to rectify.
This can best be accomplished in his home and community with adequate supports in
place. Please consider this letter as a testimonial to Mr. Siepman's character and strong
positive influence on friends within the community.


Sincerely yours,
Carolyn Donley LCSW

Exhibit "3"

John R. Pergolizzi
245 Hill Avenue
Montgomery, NY 12549
June 19, 2006

Hon. Naomi R. Buchwald
Judge, US District Court
500 Pearl Street
New York, NY 10007

Dear Judge Buchwald,

I am writing on behalf of my friend, Paul Seipman. I have known Paul since 1975 when he was working for our local park system here in Orange County. I had just retired from the New York State Police (as sergeant) and I was spending time with my young son at the park and starting a small business renting tents, the Hudson Vally Tent Co.. Paul's daughter is the same age as my son and sometimes the kids would play together. I came to know Paul as a friendly, easy-going, good-natured guy.

Years went by and my tent business grew to the point where I was overwhelmed by the paperwork. Paul was starting up doing tax preparation work so I was thrilled to turn it over to him. I trusted him to take care of my personal and business work. He also helped me with payroll and the myriad of forms that NY State requires of a small business. Over the years he's been a huge help with reminders so that things are filed on time and suggestions for being more efficient.

Paul helped me with the transition to incorporating my business and all the changes that required. Now my son is running our company. He uses the computer for payroll and other things (which I have no inclination to even try to understand) but we continue to rely on Paul for organizing and filing our personal and corporate taxes including the quarterly forms that are required.

Judge Buchwald, this is a small town. Everyone knows who Paul is and everyone's read the local newspaper articles about the gambling charges. But Paul goes on about his business quietly. Most days he's in his office working on people's taxes. He breaks for lunch to cross the street to the local deli and pick up a sandwich. Sometimes I see him at the post office. From talking with him I know that what really troubles him is not so much the damage he's done to his good reputation but the trouble to his family - his grown children that he values most. I know he takes very seriously the mistakes he's made and I'm sure he's finished with all of that. He's nervous and upset about the upcoming sentencing because of his family.

I humbly appeal to you for leniency in sentencing. Please keep in mind that people in this community, knowing all of it, still feel he's one of us and those of us he does work for rely on his work. Paul worries for his family and deeply regrets all the trouble he's caused them. I sincerely hope you'll find that incarceration is not necessary in this case.

Thank you for your time and consideration.

Respectfully Yours,

Exhibit "4"

# Village of Montgomery

133 CLINTON STREET
MONTGOMERY, NEW YORK 12549
P. O. BOX NO. 116
(845) 457-9661
FAX (845) 457-5698

June 20, 2006

Honorable Naomi R. Buchwald
Judge US District Court
500 Pearl Street
New York, NY 10007

Dear Hon. Naomi R. Buchwald,

I am writing to you with respect to Paul Siepman, who I have known for more than twenty-five years. I have come to know Paul quite well, and he has been a vital, contributing member of the Village of Montgomery community. I consider him to be a personal friend, and I can always rely on him to pitch in for charitable events.

Paul drove his car in our annual General Montgomery Day Parade on numerous occasions. This is part of our General Montgomery Day celebration, an annual event that draws thirty-thousand people to our downtown center. Paul also came up with the idea to have classical and easy listening music piped out of our senior citizen center (Wesley Hall). He made a generous donation for the speaker system to allow the music to become a reality.

There have also been donations to the Hall of Fame of the Trotter in Goshen as well as the Goshen Historic Track. Paul has continually given contributions to golf tournaments for an array of charitable causes, such as a recent one for a widow who lost her husband and is left to raise their four children. Paul can be considered one of the more benevolent individuals in the Village of Montgomery.

I've had the opportunity to speak with Paul about his pending case, and I've noticed a change in his demeanor. Not only does he seem nervous, but he appears to be quite depressed. He has stopped gambling and regrets his past indiscretion. He has focused his attention toward his family and work. Though he is keeping busy, it is obvious his case has him very worried, and he is having difficulty keeping his usual upbeat attitude.

I request that you give Paul your utmost consideration in deciding his case. I realize that he has done wrong. I also realize that he has been a positive asset to the Village of Montgomery, and I would like to see him stay a part of our close, family-oriented community. Please consider Paul's positive side.

Thank you. If you have any questions, feel free to call me (845) 457-4492 (home) or (845) 457-1914 (work).

Respectfully,

*L. Stephen Brescia*

L. Stephen Brescia
Mayor, Village of Montgomery
Legislator, County of Orange

The Village of Montgomery is an equal opportunity provider, and employer. Discrimination is prohibited by Federal Law. To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, 1400 Independent Avenue, S.W., Washington, D.C.  20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD))

Exhibit "5"

Hon. Naomi R. Buchwald
Judge, U.S. District Court
500 Pearl St.
New York, NY 10007

18 June 2006

Dear Judge Buchwald:

I'm writing on behalf of Paul Siepman, who is soon to come before you for sentencing on a gambling charge.

In our house, Paul Siepman is known as "Mr. 3-2-1-Go." He came by that appellation more than 25 years ago, when my two sons spent their winter weekends skiing at Orange County Park in Montgomery, NY.

Each Sunday, Paul ran ski races for the scores of children who wanted the thrill of a race down the park's modest hill. On some Sundays, there must have been close to 100 children who participated.

And there would be Paul, standing for hours in the freezing cold at the top of the hill with a stopwatch in his hand, sending one child after another down that hill for a chance at glory. He'd wait until each child dug in and adjusted himself just so, getting into position for the race of a lifetime. Then the child would nod to Paul that he was ready. And Paul would hold out his stopwatch and say, "3-2-1-Go!"

My own kids must have heard him say it a thousand times over the course of their childhood. And so he became Mr. 3-2-1-Go.

I have continued to see Paul through the years when I visit his tax office each spring. I trust him with my money, just as I trusted him with my children. Each time I'm there, I see a new picture on the wall of his growing grandson, a little skier himself now. He is a lucky boy to have Mr. 3-2-1-Go for a grandfather.

My son Sean, now 37 and a doctor in Massachusetts, and his brother Brendan, now 32, want to join me in saying that this kind man doesn't belong behind bars, and we ask for your leniency at his sentencing.

Thank you for taking the time to read this.


Beth Quinn
Health editor/columnist
Times Herald-Record
40 Mulberry St.
Middletown, NY 10940

Exhibit "6"

**Graham M. Skea**
**84 Grove Street**
**Montgomery, NY  12549**

June 12, 2006

Honorable Naomi R. Buchwald
Judge, US District Court
500 Pearl Street
New York, NY  10007

Dear Judge Buchwald:

I have personally known Paul D. Siepman, 145 Clinton Street, Montgomery, NY 12549 since 1969.  As Commissioner of Parks, Recreation and Conservation (just retiring December 30, 2005), I successfully developed and directed the Orange County Park system for 38 years.  I hired Paul as the parks first Recreation Supervisor.  Paul, with his family, came to Orange County after 4 ½ years as Recreation Director for Atomic Energy of Canada in Deep River, Ontario, Canada.  Paul, who has a Bachelor's Degree in Physical Education, Health and Recreation from the University of Arkansas, directed the park systems winter sports, day camps, tennis, golf and special events with rare enthusiasm and competence.  His work, personality and dedication to his new programs made him an outstanding county employee.

I have remained a close friend and mentor for Paul since he resigned from the Parks Department in April 1986 to pursue his income tax and accounting business.  Paul has remained generous in helping to sponsor special community events for citizens of all ages.  His daughter, Natalie, is considered my family's daughter #6 and has remained close to my five daughters and son.  Paul also has two grown sons, one of which lives with him because of a permanent disability that prevents him from working.

I believe that this gambling plea has taught Paul a severe and lasting lesson.  Incarceration will destroy his business and deprive society of a basically moral and thoughtful person.  We have discussed the ramifications of this case and I strongly believe that Paul is a different person with better values after two difficult years of probation.

Thank you for your kind consideration of my evaluation of his character and family.  Feel free to contact me if you have any further questions (845) 457-3406.

Sincerely,

Graham M. Skea
Parks Engineering Consultant

Exhibit "7"

June 15th, 2006

1241 Rte 52W,
Walden, N.Y. 12586
845-778-2736

Hon. Naomi R. Buchwald
Judge, US District Court,
500 Pearl St.,
New York, NY 10007

Dear Judge Buchwald:

My name is Richard L. Phelps. I am a citizen and am privately self-employed as a stone mason with thirty five years of experience.

I am writing you on behalf of Paul Siepman who is before your court on gambling charges.

I have known Paul since high school. He has served as my accountant since the day I began paying taxes. His advice has been invaluable and his knowledge of accounting is sterling.

I am aware of his guilty plea and pending sentencing. I am writing in an attempt to help keep his sentencing at a minimum. Paul is very nervous about upcoming events. He is no longer involved in gambling. (I have never been a gambler, however, I do invest in stocks!) Paul Siepman is a very hard working person and he has been concentrating on his business, which is very successful, and numerous members of the community depend on his services.

Once a year I run a fundraiser for my mother's memorial art scholarship award. We give out one of the largest scholarships during Valley Central High School graduations. My mother was a local elementary school art teacher. The award goes to a senior seeking to further the study of fine art. Paul Siepman has religiously been a generous contributor to this scholarship. I happen to know that Paul's list of good deeds is longer than most would suspect and that he has helped the less fortunate with not only free services but pecuniary distributions.

I do not believe incarceration, in this case, would serve the people.

Your Honor, may I urge leniency and mercy.

Sincerely,

Richard L. Phelps

Exhibit "8"

John A. Flannery High School
Orange-Ulster BOCES
53 Gibson Road
Goshen, NY 10924

June 14, 2006

Hon. Naomi R. Buchwald
Judge, US District Court
500 Pearl Street
New York, New York 10007

Dear Judge Buchwald,

My name is John McHale. I am a high school principal of John A. Flannery High School,
Goshen, N.Y. I am writing this letter on behalf of Mr. Paul Siepman, who I have known for
twenty years. Mr. Siepman has done my taxes for a number of years.

I am aware of Mr. Siepman's current situation, and the charges against him. I had a discussion
with Mr. Siepman about his forthcoming sentencing. He is very nervous and upset about the
dilemma he has put himself in. He realizes the bad decisions he has made, and he has learned
from his mistake. He realizes the disappointment and embarrassment he has caused both
himself and his family. As a result of Mr. Siepman's mistakes he has rededicated himself to
concentrating on work and family, as well as, a reassessment of his values.

I feel that Mr. Siepman has already suffered consequences for his actions through public
embarrassment, as well as, other related disappointments. Mr. Siepman has been a good
member of his community, and I am asking that he be given leniency. Your consideration of
this request is greatly appreciated.

Sincerely,

John McHale

C:\\My Doc\Jake McHale\Mr. Serpman .doc